IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

MEGAN R. RIVERA              )
                                   )
v.                          )      No. 2:17-0077
                                   )
SOCIAL SECURITY         )
ADMINISTRATION        )

To:    The Honorable Waverly D. Crenshaw, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

Pending before the Court is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 13. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in terminating Supplement Security Income ("SSI") that was previously awarded to Plaintiff as a minor child. (*See* Administrative Transcript (DE 11) at 14-17).[1] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. *See* DE 4.

Upon review of the administrative record and consideration of the parties' filings, I find no error that would necessitate remand in this case and therefore recommend that Plaintiff's motion for judgment on the administrative record (DE 13) be **DENIED**.

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as denoted by the large black print on the bottom right corner of each page.

1

## I.    INTRODUCTION

This case involves cessation of benefits that were initially awarded to Plaintiff in 2004. (Tr. 63-64).[2] Shortly after Plaintiff's eighteenth birthday, the Commissioner reevaluated her entitlement to SSI and determined on June 12, 2014 that Plaintiff no longer met the relevant disability requirements, at which point her benefits were discontinued. (Tr. 160, 168-70). This decision was confirmed upon reconsideration. (Tr. 161-62). Pursuant to her request for a hearing before an ALJ, Plaintiff appeared with counsel and testified at a hearing before ALJ Mark Siegel on August 30, 2016. (Tr. 36). On November 23, 2016, the ALJ issued a decision unfavorable to Plaintiff. (Tr. 14-16). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on October 16, 2017 (Tr. 1-4), thereby making the ALJ's decision the final decision of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant attained age 18 on March 24, 2014, and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of June 12, 2014, based on a redetermination of disability under the rules for adults who file new applications.

2. Since June 12, 2014, the claimant has had the following severe impairments: an episodic mood disorder, dysthymic disorder, depression, anxiety, and asthma (20 CFR 416.920(c)).

3. Since June 12, 2014, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, I find that since June 12, 2014, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember, and carry out simple and detailed instructions,

---

[2] The basis for Plaintiff's entitlement to benefits is not entirely clear from the record, although Plaintiff's mother testified that she began receiving benefits in 2004 due to asthma and allergies. (Tr. 64).

but is limited to work requiring only occasional interaction with coworkers and supervisors, no interaction with the public, and no more than occasional workplace changes. She should avoid frequent exposure to pulmonary irritants.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on March 5, 1996 and is a younger individual age 18-49 (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Since June 12, 2014, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant's disability ended on June 12, 2014, and the claimant has not become disabled again since that date (20 CFR 416.987(e) and 416.920(g)).

(Tr. 19-29).

## II.    ANALYSIS

### A.  Standard of Review

On appeal, the Court is charged with determining whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id.* §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id.* §§ 404.1520(a), 416.920(a). "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)(1)). If the claimant is incapable of performing

4

past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

Individuals who receive SSI as a child are subject to review of their continued entitlement to such benefits upon reaching eighteen years of age. 20 C.F.R. § 416.987. An individual is not entitled to a presumption of continuing disability merely because she received an award of disability benefits in the past. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994). The Commissioner must instead review the individual's evidence "on a neutral basis." 20 C.F.R. § 416.994a(a)(2).

Plaintiff was initially found to be disabled beginning August 21, 2001. (Tr. 160). Upon review of the claimant's disability status, the ALJ determined that Plaintiff was no longer disabled as of June 12, 2014. (Tr. 29). On appeal, Plaintiff submits that the ALJ erred by failing to properly

5

evaluate the limiting effects of her alleged mental symptoms and her testimony. DE 14 at 21. Plaintiff therefore requests that this case be reversed and/or remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. *Id*. at 23.

### B. Assertion of Error

### 1. Plaintiff's credibility.

The lone assertion of error involves the ALJ's determination that Plaintiff's statements regarding the severity of her symptoms were not entirely consistent with the evidence in the administrative record. (Tr. 23-24).[3] Plaintiff faults the ALJ for discounting her testimony that she would be forced to miss two days of work per month due to her condition. DE 14 at 22.

When a claimant alleges that she suffers from disabling symptoms, the ALJ is first required to examine whether medical evidence supports a finding of an underlying medical condition and, if so, then determine whether the condition is of such a severity that it could reasonably be expected to produce the alleged symptoms. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If the claims are not substantiated by medical evidence, the ALJ must make a credibility determination of the claimant's allegations based on the record. SSR 16-3p, 2016 WL 1119029, at *2 (March 16, 2016). The Sixth Circuit has held that an ALJ's credibility determination may not be disturbed "absent compelling reason." *See Smith v. Halter*, 307 F.3d

---

[3] Plaintiff relies on Social Security Ruling ("SSR") 96-7p in support of her position (DE 14 at 22), which explains how the Commissioner "assess[es] the credibility of an individual's statements." *See* SSR 96-7p, 1996 WL 374186 (July 2, 1996). However, SSR 16-3p replaced SSR 96-7p on March 28, 2016 and was in effect at the time of the administrative hearing. *See* 2017 WL 5180304, at *1 (October 25, 2017) (noting that the court should "review the final decision using the rules that were in effect at the time we issued the decision under review"). Notably, SSR 16-3p removes the term "credibility" and directs the ALJ to consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms," and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2016 WL 1119029, at *6. Nevertheless, Defendant notes that this change should not alter the undersigned's analysis since the regulation pertaining to the ALJ's evaluation of a claimant's allegations of disabling symptoms, 20 C.F.R. § 416.929, has not changed, nor has the applicability of relevant case law that addresses "credibility." DE 15 at 5-6, n.2.

6

377, 379 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)). Such a determination, even if based partially on invalid reasons, "will be upheld as long as substantial evidence remains to support it." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 507 (6th Cir. 2013).

The ALJ in this case relied on the testimony of a vocational expert ("VE") regarding Plaintiff's ability to perform jobs that exist in the national economy, as was permitted. *See* 20 C.F.R. § 416.960(b), (c). One of the questions that the ALJ posed to the VE involved a hypothetical claimant who would be absent from work two or more days per month due to her condition. (Tr. 67). The VE testified that such an individual would be "unemployable." (Tr. 67). Following this testimony, Plaintiff advised the ALJ that she would undoubtedly miss "more than two days [per] month[.]" (Tr. 69). Notwithstanding this allegation, the ALJ made no finding that Plaintiff would be forced to miss any time due to her impairments.

Plaintiff cites only her own statement that she had difficulty focusing at school to argue that the ALJ improperly evaluated her testimony (DE 14 at 22), but such circular reasoning falls woefully short of the significant burden she bears in overcoming an ALJ's credibility findings. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016) ("[I]n practice ALJ credibility findings have become essentially unchallengeable.") (citing *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 113 (6th Cir. 2010)) (internal quotations omitted). Her argument is particularly deficient when compared to the plethora of evidence cited by the ALJ in support of his conclusions, including multiple inconsistencies in Plaintiff's statements to providers and relatively mild examination findings (Tr. 23-25), all of which was properly considered. *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 863 (6th Cir. 2011) ("Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the

7

credibility of the claimant, while inconsistency ... should have the opposite effect."); *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 763 (6th Cir. 2004) (affirming ALJ's credibility determination based in part on normal examination findings). The ALJ also emphasized Plaintiff's failure to comply with her prescribed therapy regimen (Tr. 25), as was appropriate. *See Ranellucci v. Astrue*, No. 3:11-cv-0640, 2012 WL 4484922, at *11 (M.D. Tenn. Sept. 27, 2012) (noting that the ALJ "could properly use Plaintiff's non-compliance with treatment as a factor in analyzing Plaintiff's credibility.").

Plaintiff fails to identify anything in the record that repudiates such findings, nor does any medical source endorse a bimonthly absence from work. Examining providers have instead opined that Plaintiff's attention and concentration functionality is within normal limits (Tr. 759-60), and that she is able to "concentrate without significant difficulty." (Tr. 430). Nonexamining state agency consultants have similarly determined that Plaintiff's ability to maintain concentration, persistence, and pace is only mildly limited (Tr. 444), while one state physician even found that Plaintiff has no significant limitations in her ability to concentrate. (Tr. 449). Such evidence provides ample support for the ALJ's assessment of Plaintiff's credibility. *See Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014) (noting that the ALJ is not required to accept a claimant's testimony regarding the severity of her symptoms in formulating the RFC, "but instead is tasked with interpreting medical opinions in light of the totality of the evidence").

Reviewing courts are required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity ... of observing a witness's demeanor while testifying." *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 223 (6th Cir. 2010) (internal citations omitted). The ALJ provided an extensive discussion of the evidence supporting his decision to discount Plaintiff's statements regarding the severity of her symptoms (Tr. 23-25),

8

which the undersigned finds to represent substantial evidence. Plaintiff points only to her own testimony to claim that "the record supports" a finding that she would miss two days per month (DE 14 at 23), yet the ALJ is under no obligation to accept unsubstantiated allegations regarding purported work limitations. *See Arnone v. Comm'r of Soc. Sec.*, No. 1:11-cv-316, 2012 WL 7658385, at *4 (W.D. Mich. Sept. 26, 2012), *report and recommendation adopted*, No. 1:11-CV-316, 2013 WL 838305 (W.D. Mich. Mar. 6, 2013) ("The ALJ is not required to accept the testimony of any witness, including plaintiff.") (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003)). Because Plaintiff has failed to demonstrate the existence of any flaw necessitating reversal of the Commissioner's decision, this assertion of error is rejected.

## III.   CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 13) be DENIED and the Commissioner's decision be AFFIRMED.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).



**Signed By:**

_**J. Gregory Wehrman**_

**United States Magistrate Judge**